# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EDWARD TYRONE RIDLEY,  *Plaintiff*,  v.  COLUMBIAN LIFE INSURANCE COMPANY, *et al.*,  *Defendants*. | CIVIL ACTION NO. 5:21-cv-00131-TES |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 39], whereby he requests the Court reconsider its Order [Doc. 38] denying Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* [Doc. 37]. For the reasons detailed below, the Court **DENIES** Plaintiff's Motion for Reconsideration. [Doc. 39].

### DISCUSSION

**A.    Background**

One June 1, 2021, Defendant Columbian Life Insurance Company ("Defendant") moved to dismiss all claims asserted against it on the ground that the claims failed as a matter of law. The Court entered an Order [Doc. 32] granting Defendant's Motion to Dismiss, and the clerk of Court entered Judgment against Plaintiff on July 12, 2021. [1]

---

[1] One the same day that Judgment [Doc. 33] was entered, Plaintiff filed an Amended Complaint [Doc. 34]. However, since the Court had already granted Defendant's Motion to Dismiss and directed the Clerk of

[Doc. 12]. Ten days later, Plaintiff filed his Notice of Appeal [Doc. 35]. Shortly thereafter, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* [Doc. 37], which the Court construed as a Motion for Leave to Appeal *In Forma Pauperis*. *See* [Doc. 38]. The Court denied Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* because he did not comply with Federal Rule of Appellate Procedure 24(a)(1). [*Id.*]. Following the Court's denial of IFP status, Plaintiff filed the present Motion for Reconsideration [Doc. 39] to ask the Court to "reconsider and grant appeal." [Doc. 39 at p. 1].

B. **Plaintiff's Motion for Reconsideration**

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Accordingly, such motions are appropriate only if a party demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)).

---

Court to enter Judgment against Plaintiff, his Amended Complaint was procedurally improper and not considered.

Upon review, Plaintiff fails to raise an appropriate ground for reconsideration. The Court denied Plaintiff IFP status because he failed to comply with Federal Rule of Appellate Procedure 24, which requires an appealing party to attach an affidavit that: (A) shows in detail the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Rather than address the merits of the Court's denial, Plaintiff instead moves for reconsideration on the ground that he was not aware that he had to comply with the requirements set forth in Fed. R. App. 24. Plaintiff asserts that "there is nowhere in the prison law library form books where [] it alleges to present claims an entitlement to redress, and stating the issues the party intends to present on appeal are on no form in a [sic] offender law library."[2] Plaintiff also states that "[h]e has never done so on any of his notice of appeals in any court." [*Id.*]. This is simply not a valid ground for reconsideration. To proceed *in forma pauperis* on appeal, Plaintiff must comply with appellate procedural rules and the lack of information in the prison law library form books will not excuse his requirement to do so. Because Plaintiff failed to establish one

---

[2] Plaintiff's document is handwritten and difficult to read, but the above quote is transcribed to the best of the Court's ability.

3

of the three appropriate grounds which would permit the Court to reconsider its order, the Court **DENIES** his Motion for Reconsideration.

However, this is not the end of the Court's discussion on the matter. A close read of Plaintiff's motion reveals that he mistakenly believes that the Court has denied his right to appeal. *See* [Doc. 39 at p. 1 ("[Plaintiff] prays the court reconsider and *grant appeal*.") (emphasis added)]. To be clear, the Court did no such thing. Considering a Judgment has been entered against Plaintiff, so long as he complies with the relevant procedure, he may appeal as a matter of right without denial by the Court. The Court's denial of Plaintiff's request to proceed on appeal *in forma pauperis* does not equate to a denial of his right to appeal in general. It simply means that he has to pay the requisite filing fees in the appellate court.

## CONCLUSION

Based upon the foregoing, the Court determines that Plaintiff failed to raise an adequate ground upon which reconsideration may be granted. Therefore, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 39].

**SO ORDERED**, this 23rd day of September, 2021.

        S/ Tilman E. Self, III
        **TILMAN E. SELF, III, JUDGE**
        **UNITED STATES DISTRICT COURT**